STATE OF NEBRASKA, APPELLEE, v. ROBERT WILLIAM BREVET, REAL AND TRUE NAME ROBERT WILLIAM LOSIEAU, APPELLANT.

144 N. W. 2d 210

Filed July 15, 1966.   No. 36270.

Gerald B. Buechler, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

CARTER, J.

This is a proceeding under the Post Conviction Act, referred to as L. B. 836, enacted by the Legislature in 1965, now sections 29-3001 to 29-3004, R. S. Supp., 1965. The trial court denied the defendant any relief and he has appealed.

On September 1, 1939, defendant Robert William Losieau, under the name of Robert William Brevet, was convicted of armed robbery in the district court for Hall County and sentenced to serve 7 years in the

State Penitentiary. The sentence has been served. Subsequently the defendant was convicted for a felonious offense and was sentenced as a habitual criminal. The sentence of September 1, 1939, was one of the convictions used in securing the sentence imposed on the defendant as a habitual criminal. It is the contention of the defendant that the sentence of September 1, 1939, was a void sentence and improperly used to convict him as a habitual criminal. The defendant sought to have his conviction for armed robbery set aside in order to secure his release or a reduction of sentence for the term of imprisonment he is now serving.

The defendant was arrested on August 31, 1939, for committing an armed robbery. On September 1, 1939, he was taken before a justice of the peace and a preliminary hearing had. He was bound over to the district court for trial and an appearance bond was fixed at $5,000. In the afternoon of the same day an information was filed in the district court. Defendant indicated a desire to plead guilty and was taken into district court for arraignment. The following proceedings shown by the record were there held.

Defendant appeared in the trial court and announced to the court that he was ready to be arraigned. The information contained a written acknowledgment of the receipt of a copy of the information and a written waiver of the statutory time of service and time to plead signed by the defendant. The information was thereupon read to the defendant.

The court thereupon interrogated the defendant and adduced the following facts: Defendant gave his name as Robert William Brevet. He stated that he was ready to be arraigned on the information filed against him. He gave his age as 24. He stated he understood the charge against him and that the offense carried a penalty of 3 to 50 years in the penitentiary. He stated that he understood he was entitled to have an attorney represent him if he wished one. He was asked directly if he wished

an attorney and his response was "No, sir." He was then asked if he was ready to plead to the information and his answer was "Yes, sir." He was then asked: "And what do you plead to the information? * * *." He answered "Guilty."

The defendant then testified to the following facts: He gave his name and age the same as previously. He stated he had no home, that his parents were both dead, and that he had no brothers or sisters or other close relatives. He stated that he had finished the eighth grade in school and finished the tenth grade by studying evenings at home. He stated that he had worked some in a drugstore and that he had sold novelties and magazines on the road. He had no trade or profession. He stated that he was riding with a friend in an automobile through Kansas. They picked up a man and a woman. They were riding in a new Chevrolet automobile. He said the driver of the car gave it to him and parted company with them in St. Louis, Missouri. He and the woman came west in the car. He admitted robbing a restaurant in Clarks, Nebraska. He said they came into Grand Island and held up the Cummings Filling Station because they needed money. He said the gun he used was in the car. He stated they agreed he would hold the gun on the attendant and she would get the cash. They went in, he held the gun on the attendant, and locked him in the lavatory. The woman opened the cash register and they took the money. They drove west and were arrested in Kearney and returned to Grand Island.

The trial court examined the defendant further as to his previous home life and conduct. His statements showed that he had been roaming about the country, making little effort to obtain employment. He stated he had never been in trouble before. He had never been married. He had been hitchhiking about the country until he met the stranger with the Chevrolet. He did not know the automobile was a stolen car but

he suspected that it was. He denied stealing the car. He admitted that he and the woman planned the armed robbery and that it was carried out according to plan. He was then asked if he had anything further to say before sentence was pronounced and he answered "No." He was then sentenced to 7 years in the Nebraska State Penitentiary.

It is conceded by the parties that defendant had a preliminary hearing, meeting all requirements of the law. The defendant does contend that the district court lacked jurisdiction of the case in that the transcript from the justice of the peace court was not lodged in the district court until September 5, 1939.

A proper perspective of the role of a preliminary hearing appears necessary. Its functional purpose is stated in section 29-506, R. R. S. 1943. It is in no sense a trial of the person accused in regard to his guilt or innocence. Its purpose is to ascertain whether or not a crime has been committed and whether or not there is probable cause to believe the accused committed it. If it is found that the foregoing exists, then the accused should be held for trial in the district court which has jurisdiction to try the matter. Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240. The holding of an accused person for trial in the district court at the conclusion of a preliminary examination authorizes such court to proceed with the trial. It has long been the rule in this state that in a prosecution for a felony, in the absence of a waiver of the right to a preliminary hearing, the defendant cannot be put on trial over his objections until such preliminary hearing is accorded him. Jahnke v. State, 68 Neb. 154, 94 N. W. 158. The statute awarding one accused of crime the right to a preliminary hearing was enacted for the benefit of the accused. It is a right accorded, a personal privilege granted, which the accused may waive. Latimer v. State, 55 Neb. 609, 76 N. W. 207, 70 Am. S. R. 403; Reinoehl v. State, 62 Neb. 619, 87 N. W. 355. If a preliminary hearing may be

waived, it stands to reason that any part of the privilege granted, including the filing of a transcript of a preliminary hearing, may likewise be waived. It is the general rule in this state that an accused waives his right to, or the sufficiency of, a preliminary hearing by demurring to the information or pleading in bar, or to the general issue. Korth v. State, 46 Neb. 631, 65 N. W. 792. The proper method of objecting to trial in the district court for the insufficiency of a preliminary hearing, or the failure to provide one at all, is by motion to quash or a plea in abatement before an attack on the merits. In this case no question was raised concerning the sufficiency of the preliminary hearing and all objections thereto, including the delayed filing of the transcript from the justice court, are deemed to have been waived.

The defendant now asserts that he was denied legal counsel and that his rights were not therefore intelligently waived by him. The record, as previously indicated, shows that he was informed he was entitled to have an attorney represent him if he wished one. He stated he understood that. He was asked directly if he wished an attorney and he answered "No, sir." He was fully advised of his right to counsel and so stated. It is plainly evident from his evidence elicited before the court that defendant had committed the offense charged, that the evidence against him was insurmountable, and that he chose, with full knowledge of his right to counsel, to plead guilty to the charge. Now, more than 25 years later, he asserts it was necessary that he should have been told he was entitled to legal counsel at the expense of the state before his constitutional right to legal counsel could be waived. But we point out that he stated he did not want an attorney. From the record it is made clear that he did not want a lawyer at his own expense, at the expense of the state, nor at the expense of any one else. He had not only entered his plea of guilty, but he had testified to the details of the armed

robbery which he had perpetrated. No logical conclusion can be reached other than that defendant had no defense to the charge, that resistance was futile, and he desired to plead guilty to the charge.

Defendant appears to be of the opinion that the waiver of legal counsel must be by replies to ritualistic questions,—that the waiver is one of form rather than intent. With this we do not agree. The situation before the court was one which showed that the defendant knew the crime with which he was charged and the extent of the punishment that could follow his guilty plea. He made it clear that he desired to admit his guilt and accept his punishment. Having come to this conclusion the defendant did not want a lawyer of his own choice nor one provided at the expense of the state,—he desired no lawyer at all. Under these circumstances, for this court to say that the failure to advise defendant by a precise ritualistic statement that he could have counsel at the expense of the state reduces the law to form rather than substance. We submit that the defendant was meticulously advised of his rights and the consequences that could follow by their waiver. The defendant does not contend that he was not guilty of the crime charged and asserts only that the failure to follow a prescribed form relieves him of the adverse effect of his conviction, otherwise proper. We do not subscribe to this theory under the facts shown in this record.

Some complaint is made that the records of the case, including journal entries, improperly recited the nature of the charge against the defendant. The error was corrected nunc pro tunc after notice and hearing, and was without prejudice to the defendant. The information charged armed robbery and the defendant understood the charge to be armed robbery when he entered his plea of guilty. Subsequent mistakes, corrected as permitted by law, could not operate to the prejudice of the defendant.

A complete examination of the record shows that the

rights of the defendant were fully protected and that the trial court in denying relief under the Post Conviction Act, was correct.

AFFIRMED.