ROBERT C. KRUGER, APPELLANT, V. HOMER BRAINARD, SHERIFF OF DODGE COUNTY, APPELLEE.

161 N. W. 2d 520

Filed October 4, 1968. No. 36909.

Kerrigan, Line & Martin, for appellant.

Richard L. Kuhlman, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The petitioner, Robert C. Kruger, was charged with concealing a stolen automobile. A preliminary hearing was held and the petitioner was bound over to the district court for trial. The petitioner then commenced this action for a writ of habeas corpus alleging that the evidence before the magistrate was insufficient to show that the crime charged had been committed and that the petitioner had committed the crime.

The automobile involved in this case is a 1965 tan Plymouth Fury III, No. P 352306895, owned by the Chrysler Leasing Corporation. On August 17, 1966, it was rented to John Jefferson Sweeney by the Econo Car rental agency in Detroit, Michigan. Sweeney failed to return the automobile on August 24, 1966, as the rental agreement provided. On October 30, 1967, the automobile was found on the petitioner's property near Fremont, Nebraska, parked in a driveway in front of his residence. At that time the identification number shown on the metal plate located on the doorpost on the driver's side was P 352235224. The license plates on the automobile were No. 5-B6815.

Prior to August 2, 1967, a 1965 blue Plymouth Fury III automobile, No. P 352235224, was damaged beyond repair in an accident near West Point, Nebraska. On August 2, 1967, the blue Plymouth was purchased by Orletha Kruger, and she obtained a certificate of registration for license plates No. 5-B6815. On October 30, 1967, the blue Plymouth automobile was also on the defendant's property, but the identification number on the blue Plymouth automobile was P 352306895.

The petitioner was present at the time the tan Plymouth automobile was found upon his property and stated to a state patrolman, " 'I was going to paint this car.' "

The petitioner's principal contention is that the evidence failed to show that the tan Plymouth automobile was a "stolen" automobile. The question presented is

whether an automobile converted by a lessee is stolen within the meaning of section 28-522, R. R. S. 1943.

Section 28-540, R. R. S. 1943, provides that conversion of any goods or chattels by a lessee with an intent to steal shall be deemed larceny in the same manner as if the orginal taking had been felonious. We think that an automobile converted by a lessee with an intent to steal is a stolen automobile within the meaning of section 28-522, R. R. S. 1943. A similar construction has been adopted with reference to the Dyer Act. See United States v. Turley, 352 U. S. 407, 77 S. Ct. 397, 1 L. Ed. 2d 430, 56 A. L. R. 2d 1300.

The substitution of the identification number plates, together with the statement by the petitioner that he intended to paint the tan Plymouth automobile were highly incriminating circumstances. The evidence is such that an inference could be drawn that the petitioner knew that the automobile had been stolen and that he intended to defraud the owner. The evidence was sufficient for the magistrate to find that a crime had been committed and that there was probable cause to believe that the petitioner had committed it.

This proceeding was commenced by a petition for a writ of habeas corpus. The question could have been raised by a plea in abatement in the district court in the criminal proceeding. See, State v. Moss, 182 Neb. 502, 155 N. W. 2d 435; Hoffman v. State, 164 Neb. 679, 83 N. W. 2d 357; Jahnke v. State, 68 Neb. 154, 94 N. W. 158; Cowan v. State, 22 Neb. 519, 35 N. W. 405.

The decisions of this court have indicated that both remedies are available. The disadvantage to habeas corpus is that it allows a collateral issue to be litigated in a separate proceeding. It results in delay, a proliferation of litigation, and piecemeal review.

It is the considered judgment of this court that the interests of justice will be better served by the adoption of a rule that the question of the sufficiency of the evidence at a preliminary hearing may be raised only by

a plea in abatement in the criminal proceeding itself. We, therefore, adopt the following rule of practice to be effective upon the filing of this opinion and to apply to all preliminary hearings held after that date: The sufficiency of the evidence at a preliminary hearing may be raised only by a plea in abatement filed in the criminal proceeding in the district court.

The judgment of the trial court dismissing the petition is correct and it is affirmed.

AFFIRMED.