STATE OF NEBRASKA, APPELLEE, V. TODD L. COOK, APPELLANT.

559 N.W.2d 471

Filed February 14, 1997.   No. S-96-059.

Douglas J. Stratton, of Stratton & Ptak, P.C., and Mark A. Johnson, of Law Office of Mark A. Johnson, P.C., for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, WRIGHT, and CONNOLLY, JJ., and QUIST, D.J.

WRIGHT, J.

Todd L. Cook appeals a sentence imposed by the district court for use of a firearm to commit a felony.

## SCOPE OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. McBride*, 250 Neb. 636, 550 N.W.2d 659 (1996); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996).

## FACTS

On January 29, 1995, Cook and an accomplice entered a Gas 'N Shop convenience store in Norfolk, Nebraska. Cook pointed a 9-mm semiautomatic pistol at Ellen Gill, a clerk in the store,

and demanded that she open the cash register. After Cook's accomplice removed approximately $206 from the cash register, Cook demanded that Gill take him to retrieve the videotape used by the store's video surveillance machine. Gill took Cook to the video recorder, and Cook attempted to remove the videotape. When he could not remove the videotape from the recorder, Cook shot the recorder with his pistol. Thinking that he saw Gill move, Cook turned and shot Gill from approximately 2 feet away. The bullet struck Gill in her left hand and her throat, and she died from the gunshot wounds.

Cook was arrested and charged with two crimes: first degree murder, a Class I felony, and use of a firearm to commit a felony, a Class III felony. Cook pled guilty to both counts on November 2, 1995. On December 15, after a sentencing hearing was held, Cook was sentenced. On count I, first degree murder, the district court sentenced Cook to one term of life imprisonment and ordered Cook to pay the costs of prosecution. On count II, use of a firearm to commit a felony, the court sentenced Cook to imprisonment for a minimum term of 20 years and a maximum term of 20 years.

## ASSIGNMENT OF ERROR

Cook alleges that the district court erred by giving him an excessive sentence on the conviction for use of a firearm to commit a felony.

## ANALYSIS

Cook's appeal is limited to the sentence for use of a firearm to commit a felony. Under Neb. Rev. Stat. § 28-105 (Reissue 1989), a Class III felony is punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both, and a minimum of 1 year's imprisonment. The district court sentenced Cook to imprisonment for a minimum term of 20 years and a maximum term of 20 years.

Cook first argues that by imposing a minimum sentence that is equivalent to the maximum sentence, the district court has in effect failed to assess a minimum sentence within the limits of § 28-105.

This argument has no merit. The Nebraska sentencing statutes do not require that the minimum sentence be for a dif-

ferent term than the maximum sentence. Nor do the statutes require that an indeterminate sentence be issued in the present case.

Cook next argues that the district court's sentence was an abuse of discretion. Cook notes his unfortunate life history, his young age, and his history of drug and alcohol abuse as factors that should mitigate the severity of his crime. In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Orduna, supra*; *State v. Ladig*, 248 Neb. 737, 539 N.W.2d 38 (1995).

The district court's sentence was within the range of permissible penalties provided for by § 28-105. A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. McBride*, 250 Neb. 636, 550 N.W.2d 659 (1996); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*; *State v. Bensing*, 249 Neb. 900, 547 N.W.2d 464 (1996).

We have reviewed Cook's personal and criminal history, and we hold that the imposition of a 20-year minimum and maximum sentence in the present case was not an abuse of discretion. Cook used the weapon at issue to terrorize and brutally murder Gill. The extremely violent and deadly nature of Cook's use of the firearm to carry out his crimes justifies the sentence the district court imposed on Cook.

The judgment of the district court is affirmed.

AFFIRMED.

GERRARD, J., not participating.