STATE OF NEBRASKA, APPELLEE, V.
RONALD MERRILL, APPELLANT.
563 N.W.2d 340

Filed May 16, 1997.   No. S-96-591.

Vicky L. Johnson, Fillmore County Public Defender, for appellant.

Don Stenberg, Attorney General, and Jennifer S. Liliedahl for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CONNOLLY, J.

We are asked to determine an issue of first impression. That is, whether the appellant, Ronald Merrill, had a "legitimate expectation of privacy" in his driveway so as to invoke his rights under the Fourth Amendment to the U.S. Constitution.

Law enforcement officers reacting to a citizen's tip drove to Merrill's rural residence, stopped in his driveway, and observed growing, cultivated marijuana plants from their patrol vehicle. On the basis of that observation, the officers obtained a warrant to search Merrill's farmyard. Upon serving the warrant, the officers obtained consent from Merrill to search his house.

The district court for Fillmore County overruled Merrill's motion to suppress. We affirm because Merrill did not have a "legitimate expectation of privacy" in his driveway.

## ASSIGNMENTS OF ERROR

Merrill asserts that the district court erred in (1) overruling his motion to suppress because the officers' original entry onto his driveway constituted a pretextual search without probable cause and (2) imposing excessive sentences.

## BACKGROUND

### OFFICERS' INITIAL ENTRY ONTO
### MERRILL'S DRIVEWAY

In approximately mid-September 1995, Deputy Steven G. Roemmich of the Fillmore County Sheriff's Department received a tip from an identified area resident that plants suspected to be marijuana were growing on Merrill's property. On September 25, 1995, at approximately 1 p.m., Roemmich and Fillmore County Sheriff William L. Burgess drove by Merrill's farmstead and observed Merrill and his wife standing in the yard. The officers pulled into Merrill's driveway and turned around. Merrill approached the officers' vehicle, and Burgess spoke with him for approximately 3 minutes about an unrelated stolen-check case in York County, Nebraska.

While Burgess spoke with Merrill, he and Roemmich observed two plants approximately 20 to 30 feet away, just east of Merrill's garage, that the officers believed to be cultivated, not wild, marijuana. Upon completion of the discussion, the officers pulled out of Merrill's driveway, without having exited their patrol vehicle, and drove to the Fillmore County sheriff's office.

### OFFICERS' SUBSEQUENT SEARCH OF
### MERRILL'S RESIDENCE

At the sheriff's office, the officers prepared an affidavit for a search warrant based on their observations. A warrant was issued for a search of "just the farm ground" at Merrill's residence. At approximately 3:30 p.m., the officers, along with Troopers Thomas Hayes and Thomas Nesbitt of the Nebraska State Patrol, went back to Merrill's residence and served the warrant on Merrill. After the warrant was served, Merrill signed a written voluntary consent to search form and stated that the officers were "welcome to search any place [they] wanted to search." Merrill then showed the officers around the inside of his home.

Evidence seized during the search included two marijuana plants found growing in the yard with no weeds growing around them and a garden hose underneath one of the plants; picked marijuana found on a coffee table in the living room; a brown

shaving kit, found in the closet in Merrill's bedroom, containing two spoons, numerous syringes, and a blue Ziploc bag; and a pipe containing marijuana found in Merrill's back pocket upon his arrest.

## PRETRIAL, TRIAL, AND SENTENCE

Merrill was charged by an amended information with three counts: (1) unlawful manufacture of a controlled substance, to wit, marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1995); (2) possession of marijuana more than 1 pound, in violation of § 28-416(12); and (3) possession of a controlled substance, to wit, methamphetamine, in violation of § 28-416(3). Merrill moved to suppress all the "evidence gathered at the Merrill farm," arguing that "the original visit to the Merrill farm . . . was pretextual and without probable cause, thus violating [Merrill's] rights under the Fourth Amendment to the United States Constitution."

The district court overruled Merrill's motion to suppress, stating in the judge's minutes on the docket sheet that "the police were in a place where they could lawfully be" when they first spoke with Merrill in his driveway. However, the trial judge stated in his comments at the hearing on the motion to suppress that "I know they were investigating marijuana and they can't pull my leg, that's the only reason they were out there."

At trial, Leon B. Altman, a forensic drug chemist at the Nebraska State Patrol crime laboratory, testified that he conducted a chemical test on one of the spoons and the blue Ziploc bag and that both items tested positive for methamphetamine. Altman also testified that the plants he tested weighed approximately 2 pounds and tested positive for marijuana, as did the loose leafy substance found on the coffee table and the residue in the pipe seized out of Merrill's back pocket incident to his arrest.

The jury returned a verdict of guilty on all three counts, and the district court sentenced Merrill to concurrent sentences as follows: 4 to 5 years' imprisonment for the unlawful manufacture of marijuana, a Class III felony; 2 to 3 years' imprisonment for the possession of marijuana more than 1 pound, a Class IV felony; and 4 to 5 years' imprisonment for the possession of methamphetamine, a Class IV felony. Merrill appeals. We

granted the State's petition to bypass the Nebraska Court of Appeals.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. *State v. McCleery*, 251 Neb. 940, 560 N.W.2d 789 (1997); *State v. Konfrst*, 251 Neb. 214, 556 N.W.2d 250 (1996).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Earl, ante* p. 127, 560 N.W.2d 491 (1997); *State v. Cook*, 251 Neb. 781, 559 N.W.2d 471 (1997).

## ANALYSIS

### Motion to Suppress

Merrill first asserts that the district court erred in overruling his motion to suppress. In determining whether a trial court's ruling on a motion to suppress is clearly erroneous, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. See, *State v. McCleery, supra*; *State v. Konfrst, supra*.

Merrill contends that the officers' original entry onto his driveway at approximately 1 p.m. on September 25, 1995, constituted a pretextual search for marijuana, without probable cause, in violation of his rights under the Fourth Amendment to the U.S. Constitution. Thus, Merrill argues that the evidence seized later that afternoon, pursuant to the search of his yard by warrant and house by consent, should have been suppressed as a fruit of the earlier unconstitutional search ("fruit of the poisonous tree"). See *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). Merrill does not assert that the searches of his yard or house were in any other way unlawful.

The State contends that the officers' original entry onto Merrill's driveway did not constitute a search because Merrill did not have a "legitimate expectation of privacy" in his driveway. Thus, the State argues that Merrill has not implicated an interest protected by the Fourth Amendment.

The test used to determine if a defendant has an interest protected by the Fourth Amendment is whether the defendant has a legitimate expectation of privacy in the invaded space. See, *State v. Konfrst, supra*; *State v. Sinsel*, 249 Neb. 369, 543 N.W.2d 457 (1996). A subjective expectation of privacy is legitimate if it is one that society is prepared to recognize as reasonable. *State v. Sinsel, supra*; *State v. Cody*, 248 Neb. 683, 539 N.W.2d 18 (1995).

It is undisputed that during the officers' original entry onto Merrill's premises, the officers remained upon Merrill's driveway at all times and never exited their patrol vehicle. Thus, in order to determine whether Merrill has implicated an interest protected by the Fourth Amendment, we must analyze whether Merrill had an expectation of privacy in his driveway that society is prepared to recognize as reasonable. This issue is one of first impression in Nebraska. However, other jurisdictions have resolved the issue by focusing on the accessibility and visibility of the driveway from the public roadway. See, *U.S. v. Evans*, 27 F.3d 1219 (7th Cir. 1994) (Federal Bureau of Investigation (FBI) agents' approach to garage in which defendant conducted automobile repair business did not implicate Fourth Amendment interest, since, absent evidence that public had limited access to driveway leading to garage, defendant had no reasonable expectation that members of public or FBI agents would refrain from entering driveway); *United States v. Smith*, 783 F.2d 648 (6th Cir. 1986) (officers did not violate defendant's right to privacy by entering his driveway and observing marijuana plant growing next to his house where there were no obstructions indicating any attempt to limit access to area around house and no effort had been made to screen off or enclose area where marijuana plants were growing); *United States v. Humphries*, 636 F.2d 1172 (9th Cir. 1980), *cert. denied* 451 U.S. 988, 101 S. Ct. 2324, 68 L. Ed. 2d 846 (1981) (where automobile parked in driveway was visible from street and driveway was not enclosed, no reasonable expectation of privacy that would preclude officer from entering driveway to check on license plate number of parked car). See, also, *State v. Winkler*, 552 N.W.2d 347 (N.D. 1996) (police officers investigating fatal hit-and-run accident by entering defendant's driveway and observing his pickup truck in his garage did not violate

defendant's reasonable expectation of privacy because any member of public would have entered upon defendant's property in manner officers did); *Commonwealth v. A Juvenile (No. 2)*, 411 Mass. 157, 580 N.E.2d 1014 (1991) (police officers' entry on defendant's private driveway to inspect exterior of automobile suspected to be involved in hit-and-run accident did not violate defendant's expectation of privacy because driveway and automobile were clearly visible from public way, driveway was normal route by which to approach front door of residence, no intrusion into automobile was required, and defendant had taken no other steps to conceal parked automobile from public view).

In the instant case, the record does not reflect that Merrill's driveway was not visible from the public roadway or that Merrill had a gate, fence, or any other sort of obstruction that limited access to the driveway. Any member of the public could have entered upon Merrill's property in the same manner the officers did. Under these circumstances, the officers' original entry onto Merrill's driveway did not constitute a search for purposes of the Fourth Amendment because Merrill did not have a "legitimate expectation of privacy" in his driveway.

The area in Merrill's yard where the marijuana plants were growing was not enclosed or screened off from the driveway, and the plants were in plain view approximately 20 to 30 feet from the officers' position in the driveway. What a person knowingly exposes to the public is not a subject of Fourth Amendment protection. See *Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). " '[T]here is no reason [a police officer] should be precluded from observing as an officer what would be entirely visible to him as a private citizen.' " *Commonwealth v. A Juvenile (No. 2)*, 411 Mass. at 160, 580 N.E.2d at 1016, quoting *Texas v. Brown*, 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). Objects' falling within the plain view of an officer, who has the right to be in the position to have such view, does not constitute a search. *State v. Romonto*, 190 Neb. 825, 212 N.W.2d 641 (1973); *State v. Smith*, 184 Neb. 363, 167 N.W.2d 568 (1969).

Because Merrill has not implicated an interest protected by the Fourth Amendment, the officers' subjective motives for their original entry onto Merrill's driveway do not invalidate their

objectively justifiable behavior. See *Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). Accordingly, the district court did not abuse its discretion in overruling Merrill's motion to suppress.

## EXCESSIVE SENTENCES

Merrill next asserts that the district court erred in imposing excessive sentences. A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Earl, ante* p. 127, 560 N.W.2d 491 (1997); *State v. Cook*, 251 Neb. 781, 559 N.W.2d 471 (1997). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Earl, supra*; *State v. Cook, supra.*

Count I, the unlawful manufacture of marijuana (see § 28-416(1)(a)), is a Class III felony, and counts II and III, possession of marijuana more than 1 pound (see § 28-416(12)) and possession of methamphetamine (see § 28-416(3)), are Class IV felonies. A Class III felony is punishable by a maximum term of 20 years' imprisonment, a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1995). A Class IV felony is punishable by a maximum term of 5 years' imprisonment, a $10,000 fine, or both. *Id.*

The district court sentenced Merrill to concurrent sentences of 4 to 5 years' imprisonment on count I, 2 to 3 years' imprisonment on count II, and 4 to 5 years' imprisonment on count III. These sentences were all within statutory limits, were not untenable, and did not deprive Merrill of a substantial right or just result. Accordingly, Merrill's assertion that the district court abused its discretion by imposing excessive sentences is without merit.

## CONCLUSION

We conclude that the district court did not err in overruling Merrill's motion to suppress and did not impose excessive sentences. As a result, we affirm.

AFFIRMED.