# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3043

_____

Calvin Whitmore,

          Appellant,

v.

Mike Kemna, Superintendent;
Jeremiah (Jay) Nixon, Attorney
General of the State of Missouri,

          Appellees.

*
*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Western District of Missouri.
*
*
*
*

_____

Submitted: March 3, 2000
Filed: May 23, 2000

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Calvin Whitmore appeals from the denial of his petition for a writ of habeas corpus. We affirm.

Whitmore was convicted in September 1993 in the Circuit Court of Jackson County, Missouri, on three counts of robbery in the first degree and three counts of armed criminal action, charges stemming from the armed robbery of a flower shop in Kansas City, Missouri, in January 1993. Convictions on one count of robbery in the

first degree and one count of armed criminal action were reversed on direct appeal; Whitmore's convictions and his eighty-year sentence otherwise were affirmed. Whitmore sought state post-conviction relief, alleging ineffective assistance of trial counsel. That relief was denied. Whitmore then filed a petition under 28 U.S.C. § 2254 (1994 & Supp. IV 1998) for a writ of habeas corpus. The District Court[1] denied relief without an evidentiary hearing, but granted a certificate of appealability limited to the issue of the prosecutor's use at trial of Whitmore's post-arrest decisions to terminate police interrogation and to ask for counsel.

The appellees concede that the prosecutor violated Whitmore's constitutional rights under <u>Doyle v. Ohio</u>, 426 U.S. 610, 619 (1976), so we will not address that issue. The only question before us is whether the <u>Doyle</u> violations require that the writ issue. To the extent we are reviewing findings of fact made by the Missouri courts, we will presume such findings to be correct. <u>See</u> 28 U.S.C. § 2254(e)(1). Otherwise, we review the District Court's factual determinations for clear error and its conclusions of law de novo. <u>See</u> <u>Dye v. Stender</u>, 208 F.3d 662, 665 (8th Cir. 2000).

Whitmore filed his habeas case after § 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Under the revised § 2254(d), relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

It is undisputed that Whitmore's claim of trial error was adjudicated on the merits in state court on direct appeal. The Missouri Court of Appeals determined that the prosecutor's use of Whitmore's post-arrest silence and request for counsel was "improper," but nevertheless held that the errors were harmless beyond a reasonable doubt because "there was overwhelming evidence supporting" the convictions. State v. Whitmore, No. WD 48754, slip op. at 8, 9 (Mo. Ct. App. Apr. 15, 1997). In its order denying § 2254 relief, the District Court agreed that Doyle violations occurred at Whitmore's trial, and also determined that the errors were harmless because they "could not have had a substantial and injurious effect upon the jury's decision to convict" Whitmore. Whitmore v. Kemna, No. 98-0349-CV-W-4-P, slip op. at 17 (W.D. Mo. Apr. 8, 1999). In reaching its decision, the District Court applied the harmless error standard of Brecht v. Abrahamson, 507 U.S. 619 (1993), because the state court already had applied the more rigorous "harmless beyond a reasonable doubt" standard set out in Chapman v. California, 386 U.S. 18, 24 (1967). See Brecht, 507 U.S. at 636 ("[I]t scarcely seems logical to require federal habeas courts to engage in the identical approach to harmless-error review that Chapman requires state courts to engage in on direct review."). The less demanding Brecht harmless error standard has required federal courts on collateral habeas review of trial error to determine "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict,'" that is, whether the petitioner can show actual prejudice. Id. at 637 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

The parties suggest that, in reviewing § 2254 claims of trial error, federal courts should consider the question of harmless error again–notwithstanding a Chapman analysis by the state court–and apply the Brecht standard. Brief of Appellant at 12 n.11; Brief of Appellees at 8. The District Court, although it evaluated Whitmore's claim for Brecht harmless error, nevertheless questioned the need to do so in light of the AEDPA amendments to § 2254. See Whitmore, No. 98-0349-CV-W-4-P, slip op. at 13 n.4. As the District Court noted, the Sixth Circuit is of the opinion that federal courts should continue to apply the actual prejudice standard of Brecht on § 2254

-3-

review despite the AEDPA amendments to the statute.  See Nevers v. Killinger, 169 F.3d 352, 371 (6th Cir.) ("We think that when the issue before the federal habeas court is the state court's finding of harmless error, the test set out by the Supreme Court in Kotteakos and explicitly reiterated in Brecht quite precisely captures Congress's intent as expressed in AEDPA and, therefore, continues to be applicable."), cert. denied, 119 S. Ct. 2340 (1999).

We are not convinced that the AEDPA did not abrogate the requirement that federal habeas courts conduct a harmless error analysis under Brecht in situations such as the one before us, where the state court already has conducted a Chapman harmless error analysis, that is, where the claim has been "adjudicated on the merits" in state court.  It seems to us that § 2254(d) as amended by the AEDPA is unambiguous as to the scope of federal court review, limiting such review (at least as compared with past practice) in order to effect the intent of Congress to expedite habeas proceedings with appropriate deference to state court determinations.  See Williams v. Taylor, 529 U.S. ___, ___, 120 S. Ct. 1495, 1518 (2000) (noting purposes of AEDPA amendments). But we find it unnecessary in this case to squarely address whether Brecht applies because the result here is the same under either analysis:  the state court correctly found that any Doyle error was harmless to Whitmore.

It appears that Whitmore is alleging that the Missouri appellate court not only erred in applying the law, see 28 U.S.C. § 2254(d)(1), but also unreasonably determined the facts, see id. § 2254(d)(2).  See Brief of Appellant at 12, 15, 17.  We disagree with Whitmore on both counts.

Although the Missouri Court of Appeals did not cite Chapman, it is clear from the Missouri cases it does cite and from the language in its opinion that the court applied the "harmless beyond a reasonable doubt" standard to Whitmore's claim of trial error.  That is, in fact, what clearly established federal law requires.  See Chapman, 386 U.S. at 24 ("[B]efore a federal constitutional error can be held harmless, the court must

be able to declare a belief that it was harmless beyond a reasonable doubt."); see also Brecht, 507 U.S. at 629-30 (reiterating that Chapman harmless error standard is properly applied on direct review of Doyle error). Thus the Missouri Court of Appeals correctly identified the controlling law. Moreover, the state court did not "confront[] a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[] at a result different from" that precedent. Williams, 529 U.S. at ___, 120 S. Ct. 1519-20. Accordingly, the state court's decision cannot be said to be "contrary to" federal law. 28 U.S.C. § 2254(d)(1).

The question remains whether the application of the Chapman standard by the Missouri Court of Appeals to the facts of Whitmore's case was "unreasonable."[2] Id.; see also Williams, 529 U.S. at ___, 120 S. Ct. at 1520. The key evidence presented against Whitmore at trial made the case against him compelling. There was no conclusive eyewitness identification of Whitmore as the robber because his features were distorted by the stocking he wore over his face when he entered the store, pointed a gun at one of the employees, and physically steered her to the back room where the cash was kept. The cornerstone of the evidence in this case, instead, was a latent thumbprint that police lifted from the cash drawer in the store. Both a witness for the prosecution and Whitmore's own expert testified that the print was of the thumb of Whitmore's right hand. By itself, that is substantial evidence of Whitmore's guilt. But the jury also heard undisputed testimony that the cash drawer was kept in the store's back room, inaccessible to the general public, and that Whitmore repeatedly told a police detective that he had never been in the store. Taken together, this evidence

---

[2]There is no issue here relating to whether or how legal precedent should or should not have been extended by the state court. See Williams v. Taylor, 529 U.S. ___, ___, 120 S. Ct. 1495, 1520 (2000) (noting that "unreasonable application" is not limited to the manner in which the law is applied to the facts, but also may occur "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply").

makes the conclusion that Whitmore was guilty virtually unavoidable.[3] Thus the finding that any <u>Doyle</u> error was harmless is a wholly reasonable application of the clearly established federal law. The state court not only correctly identified controlling federal law–the "harmless beyond a reasonable doubt" standard of <u>Chapman</u>–but applied that law reasonably to the facts of this case. <u>See</u> 28 U.S.C. § 2254(d)(1). Likewise, under the <u>Brecht</u> standard the trial error in this case could not have had a "substantial and injurious effect or influence in determining the jury's verdict"; there was no actual prejudice to Whitmore.

Further, the state court adjudication did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The facts we have cited above were uncontroverted at trial. The lack of an eyewitness identification of the robber and the minor factual discrepancies noted by Whitmore have nothing to do with the uncontested–and, in fact, acknowledged–thumbprint identification evidence and the circumstances relating to it. Whitmore's argument on this point also fails.

The judgment of the District Court is affirmed.

---

[3]Whitmore's proposed defense to the thumbprint evidence was to suggest that the authorities manufactured it. It is not clear exactly how (or why) Whitmore believes this occurred, and the trial court declined to allow Whitmore's trial counsel to put on his so-called evidence of that theory. No challenge to the trial court's decisions on that issue is before us. In any case, having read the entire transcript of the trial–including the offers of proof that counsel made during the trial–we must agree with the District Court that this defense was, in a word, implausible.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.