# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3465

_____

Steven Davidson,

  Appellant,

   v.

Michael Bowersox,

  Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*
\*

_____

Submitted: November 14, 2001
Filed: April 18, 2002

_____

Before BOWMAN, JOHN R. GIBSON, and STAHL,[1] Circuit Judges.

_____

BOWMAN, Circuit Judge.

A Missouri state court jury convicted Steven Davidson of two counts of first-degree murder, one count of second-degree murder, and three counts of armed criminal action. Although he was eligible to receive the death penalty, he was sentenced to life imprisonment without the possibility of parole on two counts and life imprisonment on the other four counts. Davidson filed a state motion for post-conviction relief, which was denied. His conviction, sentence, and the denial of his motion for post-conviction relief were affirmed by the Missouri Court of Appeals.

_____

[1]The Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

State v. Davidson, 941 S.W.2d 732 (Mo. Ct. App. 1997). Davidson then filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in the District Court.[2] That court denied Davidson's petition. He appeals and we affirm.

Davidson shot and killed three people on the street in front of his home. At trial, he claimed the shootings were committed in self-defense. During the guilt phase of Davidson's trial, the state's evidence against him included videotaped statements he made to the police on the day of the shootings in which he said that none of the victims had a weapon and that he was not afraid for his safety at the time of the shootings. To rebut the videotaped statements, Davidson's counsel attempted to present the testimony of Dr. Cuneo, a psychologist. The doctor would have testified that Davidson suffered from post-traumatic stress disorder and other personality disorders that prevented him from admitting to the police that he feared for his safety at the time of the shootings. Davidson's counsel argued that the evidence went to the question of Davidson's mental state at the time he committed the shootings. The State objected to the admission of this evidence, and the trial court sustained the objection, citing the provisions of Missouri Revised Statute § 552.015.2(8). Under Missouri law, "[e]vidence that the defendant did or did not suffer from a mental disease or defect" is admissible only in the instances enumerated in the statute. Mo. Rev. Stat. § 552.015.2 (1986). In Davidson's case, the only relevant portion of the statute provided that such testimony would be admissible "[t]o prove that the defendant did or did not have a state of mind which is an element of the offense." Id. § 552.015.2(8).

The Missouri Court of Appeals rejected Davidson's challenge to the trial court's ruling. The court held that Davidson intended to introduce Dr. Cuneo's testimony to

---

[2]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

"rebut or 'soften' the effect of his statement" to the police. <u>Davidson</u>, 941 S.W.2d at 734. The court further held that this purpose did not fall within the sweep of subsection 8 of section 552.015.2 because that subsection makes an exception only in regard to "expert testimony diagnosing defendant to have a mental disease or defect excluding responsibility for committing one or more elements of the crime, including absence of the appropriate mental state." <u>Id.</u> at 735. Referring to the record, the court noted that Dr. Cuneo specifically stated that he could not offer testimony as to Davidson's state of mind at the time of the shootings.[3]

Davidson bases his habeas claim on the theory that the trial court's refusal to admit Dr. Cuneo's testimony during the guilt phase of the trial violated Davidson's federal constitutional due process and equal protection rights. He argues that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," and he therefore should be granted habeas relief under the provisions of 28 U.S.C. § 2254(d). Appellant's Br. at 23. Davidson maintains that "[t]he Missouri courts and the district court erred in failing to realize that Dr. Cuneo's testimony was admissible under the state statute as proof of [his] state of mind at the time of the shootings." <u>Id.</u> at 24.

We may review a state court's factual findings only to discern whether the state court's decision is "based on an unreasonable determination of the facts in light of the

---

[3]After the state objected to Dr. Cuneo's testimony, Davidson's attorney made a proffer to the court during which counsel asked Dr. Cuneo whether he would be able to testify, to a reasonable degree of psychological certainty, as to Davidson's state of mind at the time of the murders. Dr. Cuneo answered unequivocally that he would not be able to so testify. Trial Tr. at 1418-19. Dr. Cuneo further agreed that he would be able to testify to Davidson's "patterns of perception," to his "perception of adequate provocation," to "his ability to recount events shortly after the incident" and up to the time of trial, and that Davidson's personality disorders "affect his ability to recount events." <u>Id.</u> at 1419. The trial court, after hearing this proffer, excluded Dr. Cuneo's testimony and dismissed him as a witness.

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2) (Supp. IV 1998). Given Dr. Cuneo's testimony during the guilt-phase proffer of evidence, in which he clearly stated that he could not give an opinion regarding Davidson's mental state at the time he committed the shootings, see supra note 3, we cannot say that the Missouri appellate court erroneously determined that Dr. Cuneo would not have testified about Davidson's state of mind regarding an element of the offense. Although Davidson's attorney argued at trial, and continues to argue on appeal, that Dr. Cuneo could so testify, the plain statement of Dr. Cuneo rebuts counsel's arguments.[4]

Davidson also argues that the state appellate court misinterpreted Missouri law when it excluded Dr. Cuneo's proffered testimony. It is not within the prerogative of a federal habeas court to question a state court's interpretation of its state's law, Estelle v. McGuire, 502 U.S. 62, 67 (1991), yet Davidson's argument asks this Court to engage in exactly such an inquiry. Absent a showing that the state court's decision suffers from some federal constitutional defect, the Missouri Court of Appeals's conclusion as a matter of state law that Davidson's proposed use of Dr. Cuneo's testimony fell outside the ambit of section 552.015.2(8) is not reviewable by this Court. See, e.g., Morgan v. Krenke, 232 F.3d 562, 567 (7th Cir. 2000) ("[E]ven if there had been an error of [state] law regarding the admission of evidence, it is not our role to correct it. It has never been our job unless the error rises to the level of a constitutional violation."), cert. denied, 532 U.S. 951 (2001).

---

[4]In support of his argument, Davidson highlights Dr. Cuneo's testimony during the penalty phase of Davidson's trial, in which the doctor stated that if Davidson's statements to him were true then Davidson "would have thought at that time [of the shootings] that someone was going to hurt him." Trial Tr. at 1548. Again, because Dr. Cuneo stated during the guilt phase that he could not testify about Davidson's mental state at the time of the shootings, the trial court and the appellate court did not unreasonably conclude that the doctor's testimony was not admissible under section 552.015.2(8).

As is too often the case in habeas pleadings, Davidson does not cite a single federal case (beyond noting our standard of review)[5] for the proposition that the exclusion of testimony such as that proffered by Dr. Cuneo amounts to a violation of the United States Constitution. Moreover, Davidson does not argue in this appeal that the state appellate court's decision was contrary to or involved an unreasonable application of federal law clearly established in Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Because Davidson does not raise an issue of federal constitutional law, but only challenges the Missouri Court of Appeals's factual determinations and interpretation of state law, we do not decide any questions of federal constitutional law that could have been raised under § 2254(d)(1).

In summary, we hold that the Missouri Court of Appeals did not unreasonably determine the facts in light of the state court record when the court rejected Davidson's challenge to his conviction on the basis of Dr. Cuneo's excluded testimony. We therefore affirm the District Court's denial of Davidson's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Even the cases cited by Davidson for the standard of review are not applicable to our inquiry, as both are cases arising before Congress significantly narrowed the scope of federal habeas review. See Whitmore v. Kemna, 213 F.3d 431, 433 (8th Cir. 2000) ("It seems to us that § 2254(d) as amended by the AEDPA is unambiguous as to the scope of federal court review, limiting such review (at least as compared with past practice) in order to effect the intent of Congress to expedite habeas proceedings with appropriate deference to state court determinations.").