**Brian JONES, Petitioner–Appellant,**

v.

**Kenneth R. BRILEY, Warden, Respondent–Appellee.**

No. 02–1720.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 2002.

Decided Oct. 10, 2002.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

### ORDER

Illinois prisoner Brian Jones appeals the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that ex parte communications between the judge and jury during his trial violated his constitutional rights and that the violation is a structural error rather than a trial error. We affirm.

In 1993 Jones and an accomplice were charged with attempted robbery and first-degree murder after his accomplice shot and killed a woman when she fled from them during their attempt to rob her. In 1995 a jury convicted Jones of attempted robbery, but the jury could not reach a verdict on the murder charge. After a second jury trial, Jones was convicted of murder. He was sentenced to concurrent terms of 13 and 45 years' imprisonment.

In 1997 Jones appealed his convictions to the Illinois Appellate Court. He raised a variety of issues including the one relevant to this appeal: that ex parte communications between the judge and jury during his first trial deprived him of his constitutional rights. During jury deliberations, the judge left the courthouse to attend a fundraiser (which the prosecutor also attended) but left a telephone number with a deputy sheriff where he

could be reached. During the judge's absence, the jury gave the deputy sheriff seven notes for the judge. The notes requested transcripts of the testimony of certain witnesses, asked for a definition of "reasonable doubt," and informed the judge that the jury could not reach a verdict. The sheriff showed the notes to defense counsel and then called the judge to relay the messages. The judge dictated responses to the sheriff, and the sheriff showed the responses to defense counsel before giving them to the jury.[1] The judge informed the jury that (1) transcripts were unavailable; (2) "there is no definition of reasonable doubt. It's what it means to you"; and (3) they were to continue deliberating.

The appellate court concluded that the trial court erred by resolving jury inquiries over the telephone because such communications should take place in open court, and that this error deprived the defendant of his right to participate at a critical stage of the trial. But the appellate court went on to conclude that the judge's error was a trial error rather than a structural error—and therefore subject to harmless-error analysis—and that the error was harmless because the judge correctly answered all of the jury's inquiries. The appellate court thus affirmed Jones's convictions, and the Illinois Supreme Court denied Jones's request for review.

In January 2000, after exhausting his state post-conviction remedies, Jones filed a petition for a writ of habeas corpus under § 2254. In February 2000 the district court denied his petition, concluding

---

1. Following a post-conviction hearing, the trial court determined that the sheriff showed Jones the notes before calling the judge and showed Jones the responses before showing them to the jury. Therefore, although Jones characterizes this communication as "ex parte," it took place with his knowledge.

Jones could have objected to the responses but did not. The error, according to the Illinois Appellate Court, was not that communication took place without Jones's knowledge but that it should have taken place in open court.

that the Illinois Appellate Court properly determined that the trial court's error was subject to harmless-error review and that the error was harmless.

On appeal Jones argues that the trial court's error was a structural error, which requires automatic reversal, rather than a trial error, which is subject to harmless-error analysis. *See Arizona v. Fulminante,* 499 U.S. 279, 306–08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). We review the district court's decision to deny Jones's petition de novo, *Anderson v. Cowan,* 227 F.3d 893, 896 (7th Cir.2000), and examine whether the Illinois Appellate Court's decision is "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Unlike certain fundamental errors such as denial of right to counsel, ex parte communications between judge and jury have not been held by the Supreme Court to constitute structural error. *See Ashford v. Gilmore,* 167 F.3d 1130, 1136–37 (7th Cir.1999). Indeed, the Court has explicitly declared that ex parte communications are trial errors subject to harmless-error analysis. *Rushen v. Spain,* 464 U.S. 114, 117–19, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983). Therefore, the Illinois Appellate Court's decision was not contrary to clearly established federal law as determined by the Supreme Court.[2]

■ The Illinois Appellate Court's harmless-error analysis also was consistent with Supreme Court precedent. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Consistent with *Chapman,* the Illinois Appellate Court put the burden on the government to show that any error was harmless beyond a reasonable doubt and examined whether Jones suffered prejudice as result of the error. *Id.* at 24, 87 S.Ct. 824; *see also Illinois v. Childs,* 159 Ill.2d 217, 201 Ill.Dec. 102, 636 N.E.2d 534, 538–39 (1994) (discussing *Chapman* ). In concluding that the error was harmless, the court found that Jones did not suffer any prejudice because all of the judge's responses were correct rulings under the circumstances. Likewise, we have concluded that an ex parte communication is harmless when the judge gives correct or routine answers to the jury's queries. *See Ellsworth v. Levenhagen,* 248 F.3d 634, 641–42 (7th Cir.2001).

■ Jones contends that he was prejudiced by the judge's failure to define "reasonable doubt" as well as the judge's statement that it means "what it means to you." But he does not specify how he was prejudiced. Nevertheless, the Illinois Appellate Court determined that the trial judge correctly did not define the concept, *see Illinois v. Speight,* 153 Ill.2d 365, 180 Ill.Dec. 97, 606 N.E.2d 1174, 1177 (1992), and that "what it means to you" merely directed the jury to the original jury instructions. Therefore, the court's harmless-error analysis was not contrary to, or an unreason-

---

2. The cases Jones relies on in his brief are not Supreme Court cases. Moreover, the primary case he cites, *Riley v. Deeds,* 56 F.3d 1117 (9th Cir.1995), is distinguishable because it did not even involve communications between the judge and jury. In *Riley* the judge was absent during deliberations and the judge's law clerk ruled on the jury's request to hear certain portions of testimony. *Id.* at 1118.

The law clerk granted the request and presided in court while certain testimony was read back to the jury. *Id.* The court held that the judge's complete absence from the proceedings constituted a structural error. *Id.* at 1122. Here, by contrast, the judge retained control of the proceedings and ruled on the jury's requests.

**626**

able application of, clearly established federal law as determined by the Supreme Court. *See Ellsworth,* 248 F.3d at 642.

Finally, as the district court pointed out, there is an open question in this circuit about whether review of the state court's harmless-error analysis is, after the passage of AEDPA, still subject to the standard in *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *See Denny v. Gudmanson,* 252 F.3d 896, 905 n. 4 (7th Cir.2001); *Anderson,* 227 F.3d at 898 n. 3; *compare Whitmore v. Kemna,* 213 F.3d 431, 433 (8th Cir.2000) (*Brecht* not applicable) *with Nevers v. Killinger,* 169 F.3d 352, 371 (6th Cir.1999) (*Brecht* applicable). Under *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710, reviewing courts inquire whether the trial error had a "substantial and injurious effect or influence in determining the jury's verdict," and not only whether the state court's application was reasonable. *Denny,* 252 F.3d at 905 n. 4; *Anderson,* 227 F.3d at 898 n. 3. We need not decide this issue, however, because Jones is not entitled to relief under this standard—he does not make any showing that the error had a substantial and injurious effect or influence on the verdict.

Accordingly, the district court's judgment is AFFIRMED.

