Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2022 08:06 AM CST

**State of Nebraska, appellee, v.
Scottie M. Meyer, appellant.**

___ N.W.2d ___

Filed March 1, 2022.    No. A-21-018.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Right to Counsel: Appeal and Error.** An appellate court reviews the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion.

3. **Postconviction: Constitutional Law: Proof.** A defendant seeking relief under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016), must show that his or her conviction was obtained in violation of his or her constitutional rights.

4. **Postconviction: Appeal and Error.** Postconviction relief is a narrow category of relief and is not intended to secure a routine review for any defendant dissatisfied with his or her sentence.

5. ____: ____. A motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and which were or could have been litigated on direct appeal.

6. **Effectiveness of Counsel: Proof.** To prevail under a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant must first show that his or her attorney's performance was deficient, meaning it objectively did not equal that of a lawyer with ordinary training and skill in criminal law.

7. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a guilty plea or a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of

counsel, the defendant would have insisted on going to trial rather than pleading guilty.

8. **Postconviction: Proof.** Under the postconviction statutes, a court is not obligated to hold an evidentiary hearing if the files and records of the case affirmatively show that the prisoner is entitled to no relief.

9. **Postconviction: Appeal and Error.** On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite showing. Instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing.

10. **Postconviction: Proof.** In a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief.

11. **Effectiveness of Counsel: Appeal and Error.** When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

12. **Postconviction: Judicial Notice: Appeal and Error.** A reviewing court considering a motion for postconviction relief may take judicial notice of the record in the direct appeal.

13. **Effectiveness of Counsel.** As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument.

14. **Postconviction: Right to Counsel.** Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant.

15. **Postconviction: Justiciable Issues: Right to Counsel: Appeal and Error.** Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant.

16. **Postconviction: Right to Counsel: Appeal and Error.** Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Scottie M. Meyer, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Pirtle, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

## I. INTRODUCTION

Scottie M. Meyer appeals the order of the district court for Sarpy County which denied his request for appointment of postconviction counsel and his verified motion for postconviction relief without an evidentiary hearing. We affirm.

## II. BACKGROUND

On August 29, 2017, the State filed an information, charging Meyer with 10 counts, including multiple counts of first degree sexual assault, incest, child abuse, and tampering with a witness, informant, or juror. After several amendments, the operative pleading was a third amended information, alleging one count of first degree sexual assault of a child under 12 years of age, a Class IB felony; one count of incest, a Class IIA felony; and one count of violation of a domestic violence protection order, a Class I misdemeanor. Pursuant to a plea agreement, Meyer pled guilty to the charges in the third amended information.

The factual basis is fully recounted in his direct appeal to this court, *State v. Meyer*, No. A-18-353, 2019 WL 548644, (Neb. App. Feb. 12, 2019) (selected for posting to court website). The factual basis included evidence that two of Meyer's children had disclosed that he sexually abused them. *Id*. Meyer had searched various topics on his cell phone related to fathers having sex with their young daughters. *Id*. Additionally, Meyer sent letters to the children's mother through an intermediary suggesting that the children should change their stories; the mother felt threatened by the letters, and the letters were in violation of a protection order. *Id*. The district court accepted Meyer's guilty pleas and found him guilty. *Id*.

On March 19, 2018, the district court sentenced Meyer to incarceration for a term of not less than 40 nor more than 50 years on the sexual assault conviction, to a term of not less than 40 nor more than 50 years on the incest conviction, and a term of 1 year for the violation of the protection order, all to run consecutively. Meyer timely appealed, and different counsel represented him during the appellate proceedings.

We affirmed his convictions and sentences on direct appeal but found the record was insufficient to address one of his ineffective assistance of counsel claims. See *id.* That claim was that his trial counsel failed to appropriately and sufficiently communicate with him and he was under pressure to plead; thus, his guilty pleas were not made knowingly, voluntarily, and intelligently. *Id*. A mandate was issued on May 3, 2019.

Meyer timely filed a verified motion to set aside his convictions and sentences. He alleged ineffective assistance of counsel by both his trial counsel and appellate counsel. He requested appointment of counsel, due to the court's sealing certain documents in another proceeding which were only accessible to counsel. On the same day, Meyer filed a notice of intent to amend the postconviction motion, requesting that the court rule on his motion for appointment of counsel and thereafter grant him leave to amend his motion. The district court interpreted the notice of intent to amend as a motion to amend, and it granted Meyer 30 days to amend his motion. Following a hearing, Meyer's motion for appointment of counsel was overruled, and he was granted an additional 14 days to amend his motion. Meyer moved for an additional 90 days to amend his postconviction motion, and the district court granted Meyer additional time to amend. Meyer, however, gave notice to the district court that he was not going to amend his postconviction motion in light of the denial of counsel.

Based on the initial postconviction motion, the district court found that Meyer was not entitled to postconviction relief and again overruled his motion to appoint counsel. The district court found that Meyer had alleged four instances of

ineffective assistance of counsel: (1) trial counsel was ineffective for advising Meyer to waive his statutory right to a preliminary hearing; (2) trial counsel was ineffective for failing to challenge the State's evidence on a motion to quash or a plea in abatement; (3) trial counsel was ineffective for failing to investigate possible defenses, failing to subject the files to sufficient review, and failing to recognize the intrinsic value of the information before her; and (4) appellate counsel was ineffective for failing to raise on direct appeal the ineffective assistance of trial counsel where trial counsel failed to subject the State's case to preliminary examination and move for absolute discharge.

As to Meyer's claims against his trial counsel, the district court determined those claims were procedurally barred because they could have been raised on direct appeal. Reviewing the layered ineffective assistance of counsel claims, however, the district court found that trial counsel was not ineffective for failing to file a plea in abatement or a motion to quash, because Meyer waived his right to a preliminary hearing; therefore, those pleadings were unavailable. It also found that because Meyer entered a not guilty plea, he waived any defect in the information. The district court found that trial counsel was not ineffective in advising Meyer to waive his preliminary hearing, because the sufficiency of the evidence to bind a case over for trial is cured by a subsequent finding at trial of guilty beyond a reasonable doubt which is supported by sufficient evidence. It also found that the advice of trial counsel for Meyer to waive his preliminary hearing was moot even if coerced or ill advised. Therefore, because trial counsel was not ineffective as to these issues, appellate counsel could not be ineffective, either.

The district court found that Meyer made conclusory allegations against trial counsel as to counsel's failure to investigate, review files, and recognize the value of the information before her. The district court found that these claims were also procedurally barred because they were not raised

on direct appeal, but even if they had been, they would fail because Meyer failed to articulate how he was prejudiced by these allegations. There was no layered claim against appellate counsel on these issues. As to the claims of ineffective assistance of trial counsel raised on direct appeal, Meyer failed to reassert them in his postconviction motion. Therefore, the court denied the motion without an evidentiary hearing. Meyer timely appealed.

## III. ASSIGNMENTS OF ERROR

Meyer asserts, restated and reordered, that (1) the district court erred in overruling Meyer's postconviction motion without first holding an evidentiary hearing and (2) the district court abused its discretion in denying Meyer's motion to appoint counsel.

## IV. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Betancourt-Garcia*, 310 Neb. 440, 967 N.W.2d 111 (2021).

[2] We review the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion. *State v. Taylor*, 300 Neb. 629, 915 N.W.2d 568 (2018).

## V. ANALYSIS

[3-5] A defendant seeking relief under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016), must show that his or her conviction was obtained in violation of his or her constitutional rights. *State v. Betancourt-Garcia, supra.* Postconviction relief is a narrow category of relief and is not intended to secure a routine review for any defendant dissatisfied with his or her sentence.

*Id*. A motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and which were or could have been litigated on direct appeal. *Id*.

### 1. Overruling Without
### Evidentiary Hearing

Meyer assigns that the district court erred in overruling his postconviction motion without first holding an evidentiary hearing. He argues that insufficient assistance of counsel at the trial and appellate levels deprived him of effective assistance of counsel and that he was prejudiced as a result of that ineffective assistance. We disagree and affirm the district court's ruling.

### (a) Law Applicable to Postconviction Proceedings

[6] Before addressing Meyer's specific allegations, we set forth the general principles applicable to postconviction motions. To prevail under a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant must first show that his or her attorney's performance was deficient, meaning it objectively did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Betancourt-Garcia, supra*. Second, the defendant must show that he or she suffered prejudice as a result of the attorney's deficient performance. *Id*.

[7] When a conviction is based upon a guilty plea or a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007).

[8] Under the postconviction statutes, a court is not obligated to hold an evidentiary hearing if the files and records of the case affirmatively show that the prisoner is entitled to no relief. *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011).

A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. *State v. Jackson*, 275 Neb. 434, 747 N.W.2d 418 (2008). So a motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *Id*.

[9,10] On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite showing. Instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018). In a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018).

(b) Preliminary Hearing and Motion to Quash

In his motion for postconviction relief, Meyer asserted that his trial counsel was ineffective when she failed to subject the State's case to preliminary examination and move for absolute discharge and that appellate counsel was ineffective when he failed to raise on direct appeal the ineffective assistance of trial counsel. He asserted that trial counsel had certain exculpatory records from a previous proceeding but that she advised him to waive his preliminary hearing nonetheless. And because appellate counsel was aware of trial counsel's failure, he was ineffective for failing to raise it on direct appeal. In the alternative, Meyer alleges that trial counsel was deficient by failing to

challenge the State's evidence on a motion to quash or a plea in abatement and that appellate counsel was ineffective for failing to raise this issue on direct appeal.

[11] Meyer did not raise trial counsel's alleged failure on these issues on direct appeal, and he was represented by different counsel on appeal; therefore, he is procedurally barred from raising it now. See *State v. Jackson, supra*. However, Meyer also asserted appellate counsel was ineffective for failing to raise trial counsel's alleged shortcomings. When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a "layered" claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

### (i) Waiver of Preliminary Hearing

The record contradicts Meyer's factual allegations regarding the waiver of his preliminary hearing and demonstrates that Meyer was not entitled to an evidentiary hearing on these grounds. Meyer asserts in his postconviction motion:

> Upon filing of the instant case, [trial counsel] was appointed to represent Meyer. And, upon appointment to Meyer's case, [trial counsel] was provided all of the documentation and records described above, to wit, the interview with A.M. at Project Harmony, the counseling records which show that A.M. stated that she had never been abused by Meyer, the deposition in which A.M. swore upon oath that she had never been abused by Meyer, and the interview with S.M. at Project Harmony in which S.M. emphatically denied being abused by Meyer.
>
> Despite having obtained and reviewed all of the exculpatory reports and documentation, which demonstrated that the State would be unable to prove corpus delicti sufficient to bind the case over upon preliminary

examination, [trial counsel] advised and allowed Meyer to waive his statutory right to a preliminary examination of the evidence.

Meyer further alleges in his postconviction motion: "Despite possessing the above exculpatory evidence, [trial counsel] did not utilize the same to challenge the State's case at the county court level and, in fact, advised and allowed Meyer to waive his statutory right to a preliminary examination of the evidence."

[12] The record on direct appeal directly contradicts Meyer's allegations of the timeline; consequently, the district court was correct in dismissing this claim without an evidentiary hearing. A reviewing court considering a motion for postconviction relief may take judicial notice of the record in the direct appeal. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002); *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999).

The record affirmatively refutes that the trial counsel whom Meyer claims was deficient was appointed upon the filing of the case; rather, the case was filed in county court on June 14, 2017. The trial counsel that Meyer asserts was deficient was not appointed until August 1. More importantly, the record refutes that at the time Meyer waived the preliminary hearing, trial counsel had the documentation alleged. The transcript from the direct appeal shows that trial counsel filed on September 1 a motion for production of documents, which was granted on September 22 with an order that the documents be produced within 14 days. The waiver of the preliminary hearing was filed on August 22. Therefore, the record refutes that trial counsel was ineffective for advising Meyer to waive the preliminary hearing with knowledge and possession of the documents claimed, because she did not have those documents at the time the preliminary hearing was waived. An evidentiary hearing is not required when the record affirmatively establishes Meyer is not entitled to relief.

Meyer claims that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in advising that a

preliminary hearing be waived. However, because the record refutes that trial counsel was ineffective, Meyer's appellate counsel was not ineffective in failing to raise this issue, and Meyer suffered no prejudice as a result of the actions of appellate counsel. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

### (ii) Plea in Abatement or Motion to Quash

In the alternative, Meyer argues that trial counsel was ineffective for failing to file a plea in abatement or motion to quash, because the records she received contained recantations and denials of the alleged abuse.

The district court determined that Meyer could file neither a plea in abatement nor a motion to quash "because [Meyer] waived his right to a preliminary hearing." However, in *State v. Nesbitt*, 264 Neb. 612, 619-20, 650 N.W.2d 766, 777 (2002), the Nebraska Supreme Court stated, "If, for whatever reason, [defendant] wished to challenge the validity of his waiver of the preliminary hearing, he could have done so by filing a plea in abatement or a motion to quash." See, also, *State v. Hill*, 255 Neb. 173, 178, 583 N.W.2d 20, 24 (1998) ("[a] claim that a defendant was not accorded a preliminary hearing or waived it is determinable by a plea in abatement or a motion to quash"); *State v. Moss*, 182 Neb. 502, 155 N.W.2d 435 (1968); *State v. Brevet*, 180 Neb. 616, 144 N.W.2d 210 (1966). Therefore, the district court was incorrect in determining that Meyer had waived his ability to file a plea in abatement or motion to quash as a result of his waiving his right to a preliminary hearing.

[13] However, Meyer's counsel was not ineffective in failing to file a plea in abatement because such a motion would have been meritless. The facts Meyer alleges would only create conflicting evidence for the district court to consider and, therefore, are not a proper basis upon which to grant a plea in abatement or motion to quash. See *State v. Bailey*, 57 Neb. 204, 77 N.W. 654 (1898) (where plea in abatement contains no

allegation of fact which, if true, would make record defective, or entitle accused to be discharged without trial, but, rather, presents matters appropriate to be adjudicated upon trial, plea in abatement is improper). As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018). And, as stated above, where trial counsel is not ineffective, appellate counsel is not ineffective for failing to raise trial counsel's ineffectiveness.

Meyer relies upon *State v. Payne*, 289 Neb. 467, 855 N.W.2d 783 (2014) (*Payne I*), in support of his argument that he was entitled to an evidentiary hearing. In *Payne I*, the trial court denied the defendant's postconviction motion without an evidentiary hearing, finding that failure to file a direct appeal barred his claims of ineffective assistance of counsel. On appeal, under the facts presented, the court determined that the claims were not procedurally barred and remanded the cause to the district court for an evidentiary hearing on whether defendant's trial counsel was ineffective in advising him to plead no contest. *Id*.

In *Payne I*, the defendant asserted that his trial counsel was ineffective in five ways, including "failing to request dismissal before the county court for the State's failure to provide sufficient evidence as to venue and corpus delicti and in failing to file a plea in abatement or motion to quash on these grounds." 289 Neb. at 469, 855 N.W.2d at 785. On appeal following remand, the Supreme Court again identified the five ways in which the defendant claimed that the ineffective assistance of trial counsel resulted in him accepting the plea offer instead of going to trial. *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017) (*Payne II*). Due to the district court's error in interpreting the remand, the Supreme Court again remanded the cause for an evidentiary hearing. *Id*.

The Supreme Court did not make a finding in either *Payne I* or *Payne II* as to the specific allegations of ineffective assistance of counsel, and we do not read either opinion

as requiring an evidentiary hearing on every claim arising out of a failure to file a plea in abatement or a motion to quash. Rather, as set forth above, the record before us supports a determination that such a filing would not have been meritorious. Therefore, we decline to find support in either *Payne I* or *Payne II* for Meyer's contention that he was entitled to an evidentiary hearing.

### (c) Other Allegations of Trial Counsel's Ineffectiveness

In his motion for postconviction relief, Meyer claimed trial counsel was ineffective for failing to investigate his "various possible defenses," "subject the files to sufficient review," and "recognize the intrinsic value of the information before her." However, none of these allegations were raised on direct appeal and are therefore procedurally barred. See *State v. Jackson*, 275 Neb. 434, 747 N.W.2d 418 (2008). No evidentiary hearing is required on claims that are barred.

Meyer argues that the district court erred in determining that he did not make a layered claim as to these issues. But even if a layered claim is read into Meyer's postconviction motion, we agree with the district court that Meyer was not entitled to an evidentiary hearing on these claims. Meyer does not identify what other "various possible defenses" he had. And his assertion that counsel failed to "subject the files to sufficient review" and failed to "recognize the intrinsic value of the information before her" are subsumed in his arguments that counsel should not have waived the preliminary hearing or filed a plea in abatement or motion to quash. To the extent the arguments encompass more, Meyer's motion does not set forth with any specificity what that might be. Meyer was, therefore, not entitled to an evidentiary hearing on these allegations.

### 2. APPOINTMENT OF COUNSEL

[14-16] Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. Taylor*, 300

Neb. 629, 915 N.W.2d 568 (2018). Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant. *Id*. Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). As we have found that Meyer's ineffective assistance of counsel claims are without merit, the district court did not abuse its discretion in denying Meyer's request for appointment of counsel.

## VI. CONCLUSION

For the reasons discussed above, we affirm the district court's denial of Meyer's postconviction motion without an evidentiary hearing and request for appointment of counsel.

AFFIRMED.