IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ANTHONY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RICKY E. ANTHONY, APPELLANT.

Filed December 12, 2023.    No. A-23-203.

Appeal from the District Court for Otoe County: JULIE D. SMITH, Judge. Affirmed.

Jason E. Troia and Stuart J. Dornan, of Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

## I. INTRODUCTION

Ricky E. Anthony appeals from an order of the district court for Otoe County which denied his motion for postconviction relief without an evidentiary hearing. Upon our review, we affirm the decision of the district court finding no merit to Anthony's claims regarding ineffective assistance of both trial counsel and appellate counsel.

## II. BACKGROUND

This is the third time this case has been before this court for review. We briefly recount the procedural history of these criminal proceedings, as originally provided in our opinion in *State v. Anthony*, case No. A-22-263, 2023 WL 139222 (Memorandum Web Opinion) (*Anthony II*).

Pursuant to a plea agreement with the State, Anthony pled no contest to two counts of motor vehicle homicide, each a Class IIIA felony. He was later found by the district court to be a

habitual criminal and was sentenced to 20 to 40 years' imprisonment on each conviction, to be served concurrently. As a part of the sentence, Anthony was required to serve a mandatory minimum of 10 years in prison.

Anthony, acting pro se, filed a notice of appeal from his convictions and sentences. However, the notice of appeal was filed more than 30 days after entry of the district court's sentencing order and was, as a result, summarily dismissed by this court as having been untimely filed.

Anthony then filed a verified motion to vacate and set aside his convictions, alleging, among other things, that his trial counsel failed to file a direct appeal from his convictions and sentences despite Anthony's explicit request for him to do so. Anthony requested he be permitted to file a "new direct appeal" from his convictions and sentences. After a hearing, the district court granted Anthony a new direct appeal. See *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021) (*Anthony I*).

Anthony was appointed appellate counsel that was different than his trial counsel. In his direct appeal, Anthony alleged that the district court erred in determining that he was a habitual criminal and in imposing excessive sentences. Anthony also alleged that his trial counsel provided ineffective assistance by failing to consult with an independent accident reconstructionist and by failing to contest the habitual criminal enhancement.

Upon our review, we affirmed Anthony's convictions and sentences. Specifically, we found that the district court properly found Anthony to be a habitual criminal based upon his two prior felony convictions. We also found that the court did not impose excessive sentences. As to Anthony's claims of ineffective assistance of trial counsel, we found that his claim regarding counsel's failure to adequately defend his habitual criminal status to be without merit. We found that the record was insufficient to address his claim regarding counsel's failure to hire an independent accident reconstructionist.

After our opinion in Anthony's direct appeal was issued, he filed a pro se verified motion for postconviction relief. In the motion, he alleged various claims of ineffective assistance of counsel committed by (1) his first trial counsel who was appointed to represent him by the court immediately after his arrest, (2) his privately retained trial counsel who represented him at the time he entered his no contest pleas and through the time of the sentencing hearing, and (3) his appellate counsel who was appointed by the court to represent him in his new direct appeal. Anthony also alleged that the district court committed reversible error by acting with bias during the habitual criminal enhancement hearing. Anthony alleged that the district court assisted the State by reminding it to offer certain exhibits.

On the same day that Anthony filed his motion for postconviction relief, he also filed a motion to recuse the trial court as a result of its actions during the habitual criminal enhancement hearing, a motion for appointment of counsel, and a motion for leave to proceed informa pauperis.

Less than 1 hour after Anthony filed his four motions, the district court entered an order denying those motions. The court's order read[] as follows:

> [Anthony] was already granted a direct appeal in a prior Motion for Postconviction Relief. He was appointed counsel for said direct appeal. His sentence was affirmed. [Anthony] is not permitted to raise issues he could have raised on direct appeal. An attorney does not have to pursue every conceivable defense.

There is no conflict of interest on this case. The Verified Motion for Postconviction Relief is frivolous. All four motions filed by [Anthony] on March 30, 2022 are denied. Any relief requested by [Anthony] which is not specifically granted by this Order is denied.

In our opinion in *Anthony II*, we affirmed the district court's denial of the majority of Anthony's postconviction claims. However, we reversed that portion of the district court's order which denied Anthony's motion for postconviction relief to the extent such motion alleged that Anthony's appellate counsel provided ineffective assistance during his direct appeal and to the extent the motion alleged an instance of ineffective assistance of trial counsel which had been properly preserved in his direct appeal. We remanded the case to the district court for further proceedings on these issues.

Upon the entry of our mandate, the district court entered another order addressing Anthony's remaining postconviction claims. As to Anthony's claims of ineffective assistance of appellate counsel, the district court found that all such claims

fail to include a single fact or allegation establishing prejudice. Rather, Anthony's allegations consist solely of conclusory statements that [appellate counsel] should have included additional assignments of error. Anthony fails to include facts or identify any specific witness, statement, violation, or evidence showing that the result of his direct appeal would have been different if [appellate counsel] had included the additional assignments of error.

As to Anthony's claim that his trial counsel provided ineffective assistance in failing to hire an independent accident reconstructionist, which was preserved by his direct appeal, the district court found that Anthony had failed to allege the claim with sufficient specificity. In particular, the court indicated that Anthony failed to adequately identify what the testimony of an independent accident reconstructionist might have been or how such testimony would have undermined the State's theory of the case. The court denied Anthony's postconviction claims without an evidentiary hearing.

Anthony again appeals the denial of his motion for postconviction relief without an evidentiary hearing.

### III. ASSIGNMENTS OF ERROR

On appeal, Anthony assigns, restated and consolidated, that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

### IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

V. ANALYSIS

Anthony challenges the district court's denial of his motion for postconviction relief without first holding an evidentiary hearing on his claims. The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Jaeger, supra*. However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id*. An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

In his motion for postconviction relief and in this appeal, Anthony raised the following postconviction claims: (1) trial counsel was ineffective in failing to hire an independent accident reconstructionist to refute the State's theory of the case, and (2) appellate counsel was ineffective in failing to raise certain claims on direct appeal. Specifically, Anthony alleges that his appellate counsel should have raised on direct appeal trial counsel's failure to challenge the charges alleged against Anthony and the habitual criminal enhancement; trial counsel's failure to hire and call as a witness an accident reconstructionist; trial counsel's failure to subject the case to meaningful adversarial testing and counsel's advice to Anthony regarding the plea agreement; trial counsel's failure to argue that the district court provided assistance to the State during the enhancement hearing; and trial counsel's failure to depose and interview all witnesses. We address each claim in turn.

## 1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Britt, supra*. When a defendant enters a plea rather than going to trial, in order to show prejudice resulting from ineffective assistance of counsel, the defendant must show a reasonable probability that he would have insisted on going to trial rather than entering a plea. *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011). The two prongs of the *Strickland* test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. See *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021).

In his direct appeal, Anthony alleged that his trial counsel was ineffective for failing to hire an independent accident reconstructionist to refute the State's theory that the accident occurred

due to the reckless or willful reckless driving of Anthony. Upon our review, we determined that our record was not sufficient to address Anthony's allegation. As such, this allegation of ineffective assistance of counsel is preserved for postconviction review.

In his motion for postconviction relief, Anthony raises the issue of trial counsel's ineffectiveness in failing to hire an independent accident reconstructionist. Anthony asserts, "[Trial c]ounsel did not hire or acquire a reconstructionist to either refute the [S]tate's acquired reconstructionist or prove the opinion and theory expressed about the collision/accident exhibited 'no-fault' on [Anthony]'s part." Anthony further alleged that had counsel hired an independent accident reconstructionist, he would have insisted on going to trial rather than entering into the plea agreement with the State. Notably, however, in his motion for postconviction relief, Anthony does not make any allegations as to what an independent accident reconstructionist would have testified to or what exculpatory evidence would have been uncovered. In assessing postconviction claims of ineffective assistance of counsel for failure to call a particular witness, the Nebraska Supreme Court has upheld the dismissal without an evidentiary hearing where the motion did not include specific allegations regarding the testimony which the witness would have given if called. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). Anthony has provided no indication as to what an independent accident reconstructionist would have discovered that would have contradicted eyewitness reports and the report of the State's expert which indicated that, at the time of the collision, Anthony was driving recklessly and that such reckless driving was the cause of the accident. Anthony's allegation in his postconviction motion is simply insufficient to show a reasonable probability that the outcome would have been different but for trial counsel's failure to hire an independent accident reconstructionist.

### 2. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id*. Much like claims of ineffective assistance of trial counsel, the defendant must show that but for appellate counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id*.

#### (a) Failure to Allege Trial Counsel's Failure to Hire Independent Accident Reconstructionist

As we mentioned briefly above in the background section, Anthony actually had two different trial lawyers. In this appeal, Anthony's claim of ineffective assistance of trial counsel and almost all of his layered claims of ineffective assistance of appellate counsel relate to his second trial attorney, who represented him at the time of his plea and at sentencing. However, in this assignment of error, Anthony challenges his appellate counsel's failure to raise, on direct appeal, his first trial attorney's failure to obtain an independent accident reconstructionist to testify during the preliminary hearing. Anthony's allegation fails for the same reason that his similar assertion against his second trial attorney failed. Anthony does not allege what an independent accident

reconstructionist would have testified to, or what exculpatory evidence may have been uncovered by the retention of such expert. Essentially, Anthony's layered claim is insufficient to show a reasonable probability that the outcome of the preliminary hearing would have been different but for his first trial attorney's failure to call an independent accident reconstructionist.

### (b) Failure to Allege Trial Counsels' Failure to Challenge the Charges and Enhancement

Anthony next alleges that his appellate counsel was ineffective in failing to raise, on direct appeal, that both of his trial attorneys were ineffective in failing to file a motion to quash, because the State could not prove that he was guilty of reckless driving or willful reckless driving at the time of the collision. Upon our review, we conclude that Anthony's trial attorneys were not ineffective in failing to file a motion to quash, because such filing would have been meritless.

A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged. Neb. Rev. Stat. § 29-1808 (Reissue 2016). In the information and in the amended information, the State charged Anthony with two counts of felony motor vehicle homicide pursuant to Neb. Rev. Stat. § 28-306 (Reissue 2016). Such statute provides in relevant part:

> (1) A person who causes the death of another unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance commits motor vehicle homicide.
>
> . . .
>
> (3)(a) If the proximate cause of the death of another is the operation of a motor vehicle in violation of section 60-6,213 or 60-6,214, motor vehicle homicide is a Class IIIA felony.

Neb. Rev. Stat. § 60-6,213 (Reissue 2021) defines reckless driving and Neb. Rev. Stat. § 60-6,214 (Reissue 2021) defines willful reckless driving.

Here, Anthony alleges that the charges contained in the information filed against him were defective because evidence existed which suggested that he was not engaging in reckless or willful reckless driving at the time of the accident. Thus, Anthony contends that the State could not prove the necessary "mens rea" necessary to prove he was guilty of a Class IIIA felony pursuant to § 28-306(3)(a) and a motion to quash would have been successful and would have resulted in the motor vehicle homicide charges against him being reduced to misdemeanors. However, Anthony's assertion only indicates that there was conflicting evidence for the fact finder to consider regarding whether Anthony was engaging in reckless or willful reckless driving at the time of the accident, rather than in negligent driving. Such conflicting evidence is not a proper basis upon which to grant a motion to quash, as it does not affect the validity of the charging document. See *State v. Meyer*, 30 Neb. App. 662, 971 N.W.2d 185 (2022). As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018). Here, counsel was not ineffective in failing to file a motion to quash based upon the existence of conflicting evidence regarding whether Anthony was driving recklessly at the time of the collision, because such motion would not have been successful. And, as stated above, where

trial counsel is not ineffective, appellate counsel is not ineffective for failing to raise trial counsel's ineffectiveness.

To the extent Anthony also asserts in his motion for postconviction relief that his appellate counsel was ineffective in failing to raise on direct appeal trial counsel's failure to challenge the habitual criminal enhancement as "double enhancement," such argument was raised in his direct appeal. This court determined that the assertion of ineffective assistance of trial counsel was without merit. See *Anthony I*.

### (c) Failure to Allege Trial Counsel's Failure to Subject Case to Meaningful Adversarial Testing

In his motion for postconviction relief, Anthony alleged that appellate counsel was ineffective for failing to raise, on direct appeal, trial counsel's "failure to subject [the] [S]tate's case to a meaningful adversarial testing via coercing, manipulating, and misadvising [Anthony] to enter a plea of no contest derived from an alleged plea agreement by the [S]tate which was not shown or revealed to [Anthony], at any time prior to the plea colloquy." In his brief on appeal, Anthony argues the district court erred in failing to grant him an evidentiary hearing on this issue. Upon our review, we conclude that the record refutes Anthony's claim and that, as a result, no evidentiary hearing was warranted.

At the plea hearing held on August 7, 2019, the State and defense counsel detailed the terms of the plea agreement for the district court. The terms of the agreement included that Anthony would plead guilty or no contest to two counts of motor vehicle homicide, each a Class IIIA felony, and in exchange, the State would dismiss the other charged offenses. Additionally, the attorneys agreed to jointly recommend that the district court impose a concurrent sentence. No agreement as to Anthony's status as a habitual offender was made and, as a result, an enhancement hearing was to be held.

When the district court asked Anthony if he understood the above terms to accurately reflect the terms of the plea agreement, Anthony responded in the affirmative without hesitation. He did not indicate any unfamiliarity with the plea agreement. Subsequently, Anthony told the court that no one had threatened him or made any promises to him to induce him to plead to the amended charges, other than those promises elicited in the plea agreement. Anthony indicated that he had sufficient time to talk with his defense counsel about the case and any possible defenses he may have. He expressed that he was satisfied with his attorney's representation. Ultimately, the district court found that Anthony entered into the plea agreement freely, voluntarily, knowingly, and intelligently.

The colloquy between the court and Anthony at the plea hearing directly refutes Anthony's claim both in his motion for postconviction relief and in this appeal, that his trial counsel was ineffective in coercing and manipulating him into accepting the plea agreement rather than going to trial. In addition, Anthony affirmatively indicated his knowledge and understanding of the terms of the plea agreement, despite his claims that counsel failed to explain those terms to him. Allegations of ineffective assistance which are affirmatively refuted by a defendant's assurances to the district court do not constitute a basis for postconviction relief. See e.g. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). The Supreme Court has explained,

If the dialogue which is required between the court and the defendant whereat, as here, the court receives an affirmative answer as to whether the defendant understands the specified and full panoply of constitutional rights . . . and whether it is true that defendant was not improperly influenced by threats or promises . . . all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

*State v. Scholl*, 227 Neb. 572, 580, 419 N.W.2d 137, 142 (1988). Because the record affirmatively refutes Anthony's claim that his trial counsel was ineffective in his advisement to Anthony regarding the plea agreement, Anthony's claim that his appellate counsel was ineffective in failing to raise this issue on direct appeal is without merit.

### (d) Failure to Allege Trial Counsel's Failure to Challenge District Court's Assisting State During Enhancement Hearing

In his motion for postconviction relief and in this appeal, Anthony alleges that his appellate counsel was ineffective for failing to raise in his direct appeal trial counsel's ineffectiveness at the habitual criminal enhancement hearing. Specifically, Anthony alleges that trial counsel was ineffective at the hearing when counsel failed to object to the district court assisting the State by marking and receiving into evidence two exhibits that the State did not explicitly ask to be marked and received into evidence, but instead asked the district court to judicially notice. Anthony appears to believe that but for the court's assistance to the State, he would not have been found to be a habitual criminal and would not have been subject to an enhanced sentence. Upon our review, we conclude that Anthony cannot demonstrate he was prejudiced by counsel's failure to object in this regard and as such, his postconviction claim must fail.

At the habitual criminal enhancement hearing held on November 4, 2019, the State offered into evidence four exhibits. Exhibits one through three demonstrated that Anthony has previously been convicted on two separate occasions of felony offenses. In 1992, Anthony was found guilty of theft by receiving stolen property, a Class III felony. Anthony was sentenced to one year imprisonment. In 1995, Anthony was again charged with a theft related offense, which constituted a Class III felony. He was sentenced to three to five years' imprisonment. The fourth exhibit offered by the State and received into evidence was a "pen packet" obtained from the Nebraska Department of Correctional Services during Anthony's period of prior incarcerations. Such information included photographs and fingerprints of Anthony.

After the State offered these exhibits into evidence, it asked the district court to take judicial notice of "the name and date of birth on the county court criminal Complaint from the county court transcript in this case, 'Rickey E. Anthony,' and also showing a date of birth of September 2nd, 1964." In response to the State's request, the district court marked as exhibits and received into evidence the amended information filed in the district court, which contained the charges Anthony pled to in this case, and the original complaint filed in the county court, which listed the original charges he faced prior to the plea agreement with the State. The district court then indicated it would take judicial notice of each filing, which were both included in the court's file. Anthony's counsel did not object to the court's taking judicial notice of these filings.

Anthony now asserts that his counsel provided deficient performance when failing to object to the admission into evidence of the amended information and the county court complaint. He argues that had counsel challenged the district court's actions in marking and receiving these exhibits, that he would not have been found to be a habitual criminal and been subject to an enhanced sentence. Upon our review, we conclude that Anthony cannot show he was in any way prejudiced by trial counsel's failure to object to the exhibits.

In a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly and voluntarily waived representation for those proceedings. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). Here, exhibits 1, 2, and 3, were authenticated copies of former judgments and commitments, which were offered by the State and received by the district court and which established that Anthony had previously been convicted of two separate crimes resulting in him being sentenced to a period of imprisonment of at least one year. These same exhibits also indicated that Anthony was represented by counsel at the time of these prior convictions and sentences. At the hearing of any person charged with being a habitual criminal, a duly authenticated copy of the former judgment and commitment, from any court in which such judgment and commitment was had, for any such crimes formerly committed by the party so charged, shall be competent and prima facie evidence of such former judgment and commitment. Neb. Rev. Stat. § 29-2222 (Reissue 2016).

At Anthony's enhancement hearing, the State also offered into evidence exhibit 4, which contained further information to prove that Anthony was the same "Ricky E. Anthony" that had been previously convicted of said crimes. Exhibit 4 contained photographs of Anthony, his fingerprints, and his birthdate. The existence of a prior conviction and the identity of the accused as the person convicted may be shown by any competent evidence, including the oral testimony of the accused and duly authenticated records maintained by the courts or penal and custodial authorities. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004).

> [A]n authenticated record establishing a prior conviction of a defendant with the same name is prima facie evidence sufficient to establish identity for the purpose of enhancing punishment and, in the absence of any denial or contradictory evidence, is sufficient to support a finding that the accused has been convicted prior thereto.

*Id.* at 590, 685 N.W.2d at 85-86. Notably, during the enhancement hearing Anthony did not, and still does not, contest that he is the same person who was previously convicted of the two prior crimes.

With its first four exhibits, the State met its burden to prove that Anthony had been convicted of two prior offenses carrying prison sentences of 1 year or more and because Anthony does not contest this fact, such evidence clearly supported the district court's finding that Anthony was a habitual criminal. Exhibits 5 and 6, which Anthony now contests as having been improperly marked and received by the district court, were unnecessary to establish Anthony's status as a habitual criminal. As such, Anthony cannot demonstrate that he was prejudiced by his trial

counsel's failure to object to the court's handling of exhibits 5 and 6. Because Anthony cannot demonstrate such prejudice, he also cannot demonstrate he was prejudiced by appellate counsel's failure to raise this issue on appeal.

### (e) Failure to Allege Trial Counsel's Failure to Depose and Interview All Witnesses

In his motion for postconviction relief, Anthony alleged that appellate counsel was ineffective for failing to raise, on direct appeal, trial counsel's failure to "depose and/or interview ALL witnesses, as promised to [Anthony], as such would muster a defense that [Anthony]'s mens rea did not commit willful or reckless driving and was not the cause of the collision/accident." Anthony reprises this assertion in his brief on appeal. Upon our review, we affirm the decision of the district court to deny this claim without an evidentiary hearing.

Nebraska case law is clear that in a motion for postconviction relief, when a defendant alleges ineffective assistance of trial counsel for failing to call or depose potential witnesses, the defendant is required to specifically allege what the testimony of potential witnesses would have been if they had been called at trial in order to avoid dismissal without an evidentiary hearing. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021). Absent specific allegations, a motion for postconviction relief effectively becomes a discovery motion to determine whether evidence favorable to a defendant's position actually exists. *Id*. Here, Anthony has failed to allege not only the identity of the alleged potential witnesses, but also any information about those potential witnesses' possible testimony. In particular, Anthony does not explain how the testimony of such witnesses would have challenged the State's evidence against him or would have made him change his mind about accepting the plea agreement. Anthony has failed to allege this allegation of ineffective assistance with sufficient specificity.

### VI. CONCLUSION

Having determined that each of Anthony's postconviction claims did not warrant an evidentiary hearing, we conclude that the district court did not err when it denied Anthony's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.