IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. BERGER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GREGORY T. BERGER, APPELLANT.

Filed July 29, 2025.    No. A-24-929.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Gregory T. Berger, pro se.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

PIRTLE, Judge.

### INTRODUCTION

This appeal arises from a motion for postconviction relief filed by Gregory T. Berger alleging that his trial counsel was ineffective in numerous ways. The district court for Douglas County denied his postconviction motion without an evidentiary hearing. Berger challenges the denial of his motion without a hearing and alleges the district court erred in granting the State multiple extensions for filing its response to Berger's motion. For the reasons that follow, we affirm.

### BACKGROUND

Following a jury trial in 2021, Berger was convicted of two counts of first degree sexual assault of a child and one count of third degree sexual assault of a child. The charges for which he was convicted were based on the sexual assaults of two victims, E.A., his biological daughter, and

- 1 -

T.H., E.A.'s half-sister. The assaults took place between 2006 and 2011, and the victims were between the ages of 3 and 7 at the time of their respective assaults.

Berger was sentenced to 20 to 30 years' imprisonment on each first degree sexual assault of a child conviction, and 3 to 3 years' imprisonment on the third degree sexual assault of a child conviction. The court ordered the sentences on the first two charges to run consecutively to one another and the sentence on the third charge to run concurrently.

Berger appealed and this court affirmed his convictions and sentences. See *State v. Berger*, 31 Neb. App. 379, 980 N.W.2d 634 (2022). The factual and procedural background of Berger's case is set forth in our previous opinion and will not be repeated here.

After this court affirmed Berger's appeal, Berger filed a petition for further review with the Nebraska Supreme Court, which it denied.

Berger subsequently filed a verified motion for postconviction relief in which he alleged various claims of ineffective assistance of counsel. Because his trial counsel and appellate counsel were the same attorney, this was his first opportunity to raise ineffective assistance of counsel claims. The State filed a response to Berger's motion alleging his claims were either insufficiently pled or affirmatively refuted by the record.

The district court issued an order denying Berger's motion for postconviction relief without holding an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Berger assigns the district court erred in (1) denying his motion for postconviction relief without an evidentiary hearing and (2) granting the State multiple filing extensions, both unsolicited and solicited, thus showing bias and an abuse of discretion.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Meyer*, 30 Neb. App. 662, 971 N.W.2d 185 (2022).

## ANALYSIS

Berger contends that the district court should have held an evidentiary hearing on his postconviction motion. Before reviewing the postconviction action, we first set forth the general legal principles that govern our analysis of appeals from the denial of postconviction claims without an evidentiary hearing.

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Cox, supra.* The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion

contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *Id.*

However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

Berger's motion for postconviction relief asserted numerous claims of ineffective assistance of counsel. A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Goynes, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* Courts give counsel's acts a strong presumption of reasonableness. *Id.*

To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When considering the prejudice prong of ineffective assistance of counsel, we focus on whether a trial counsel's deficient performance renders the result of the trial unreliable or fundamentally unfair. *Id.*

Berger alleged several claims of ineffective assistance of counsel in his postconviction motion that he did not also argue in his brief on appeal. We will only review the claims that appear in both. See *id.* (except for instances of plain error, only those issues both raised or passed upon below and specifically assigned and specifically argued on appeal will be considered by appellate court).

Berger first argues that the district court should have granted him an evidentiary hearing on his claim that his counsel "failed to properly investigate evidence that would have shown the reasonable doubt needed to prove that he did not commit the crimes charged." Under this broad allegation in his postconviction motion, Berger listed numerous alleged failures: failure to investigate why T.H.'s story drastically changed; failure to investigate the locations where the abuse occurred; failure to investigate by not assisting an individual in finding Facebook messages relevant to the case; failure to investigate that a "registered sexual predator" was living in the same house during the time of the offenses; and failure to investigate the fact that Berger repeatedly took E.A. to therapy.

The district court found that Berger's allegations of "failure to investigate" were not linked to any assertion of facts which would have been discovered by investigation or to any factual evidence that would be revealed in an evidentiary hearing. It stated that in the absence of such facts there was no showing of any prejudice as required by *Strickland*. The allegations were

nothing more than conclusions of law and facts and thus insufficient to warrant the relief asked for.

Berger next alleges that an evidentiary hearing was warranted on his claim that his counsel "failed to move to, [sic] or properly impeach witnesses before or during their testimonies." He makes this allegation as to both victims and two other named witnesses.

The district court found that Berger failed to allege facts sufficient to support a finding of prejudice. It further stated that Berger's "failure to impeach" claim was a conclusory allegation that counsel did not do a good job examining witnesses.

Berger also argues that the district court should have granted an evidentiary hearing on his claim that his counsel was ineffective for "fail[ing] to maintain [Berger's] innocence by using the 'alleged' format'" thereby violating his "innocent until proven guilty rights." In his postconviction motion, Berger cites to multiple passages in the bill of exceptions and concludes that "[t]hese instances in which counsel [did not] use 'alleged' type of wording are overwhelmingly and psychologically damning to a proper defense."

The district court found that the cited passages did not support a finding of prejudice and there was no supporting evidence for Berger's conclusory statement of prejudice.

Berger also argues an evidentiary hearing should have been held on his claim that counsel was ineffective in "fail[ing] to separate the two alleged victims['] cases/charges" or stated differently, in failing to sever the charges relating to each victim, as well as on his claim that counsel was ineffective "by failing to object to the court only polling 11 jurors from the jury pool." The district court addressed both ineffective assistance of counsel claims as part of a "potpourri of claims" alleged in Berger's postconviction motion and concluded that the claims were conclusory allegations of fact and law insufficient to warrant an evidentiary hearing.

In summary, the district court addressed all of Berger's claims of ineffective assistance made in his motion for postconviction relief and concluded the claims were either inadequately pled or refuted by the record. After our review of the claims made in Berger's postconviction motion and raised on appeal, we agree with the district court.

We further note that Berger makes a claim of ineffective assistance of counsel in his brief that he did not make in his motion for postconviction relief. He alleges his counsel was ineffective for not addressing a missing recording of a telephone conversation between T.H. and an Omaha police detective. Because Berger did not make this ineffective assistance of counsel claim in his motion for postconviction relief, we do not consider it. See *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022) (appellate court will not consider allegations not presented to district court for disposition through defendant's verified motion for postconviction relief or passed upon by postconviction court).

We conclude the district court did not err in dismissing Berger's motion for postconviction relief without an evidentiary hearing. His first assignment of error fails.

Berger also contends that the district court erred in granting the State multiple filing extensions, claiming it showed the court's bias against Berger.

Berger filed his motion for postconviction relief on November 27, 2023. Two days later, the district court requested the State to file a response to Berger's motion within 90 days. When the State failed to file its response as requested, Berger filed a motion for default judgment. The court gave the State 21 days to respond to the postconviction motion and the motion for default

judgment. Thereafter, the State requested two extensions, citing various reasons. The district court granted both extensions over Berger's objection. On October 17, 2024, the State filed its response to Berger's postconviction motion.

Berger argues the extensions show that the court was biased against him but he does not allege how he was prejudiced by the extensions nor does he allege that the court would have granted him an evidentiary hearing on his postconviction motion if the State had filed its response sooner. We conclude the district court did not err in granting the State multiple filing extensions.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court denying Berger's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.